## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRACY NEIBERGER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 11-CV-033-GKF-TLW |
| | ) |
| JAMES RUDEK, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 11). Respondent also filed a brief in support of the motion (Dkt. # 12). Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 13). Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition is time barred. Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed with prejudice.

### *BACKGROUND*

In his petition, Petitioner Tracy Neiberger states that he challenges a conviction entered in November 1984. See Dkt. # 1. The record reflects that on December 13, 1984, in Tulsa County District Court, Case Nos. CRF-1984-4536, CRF-1984-4576, CRF-1984-4577, and CRF-1984-4578, Petitioner was convicted on his pleas of guilty to four charges of Robbery With a Firearm. See Dkt. # 12, Ex. 1. The trial court sentenced Petitioner that day to eighteen (18) years imprisonment in each case with the sentences to run concurrently. Id. Petitioner did not file a motion to withdraw his

pleas and did not perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See id.

Petitioner took no action challenging his convictions until February 26, 2010, when he filed an application for post-conviction relief. Id. By order filed April 8, 2010, the district court denied post-conviction relief. Id. Petitioner appealed and on June 28, 2010, in No. PC-2010-389, the OCCA affirmed the denial of post-conviction relief. See id.

On December 23, 2010, Petitioner filed his petition for writ of habeas corpus (Dkt. #1). He challenges the validity of his convictions, arguing that he was denied the effective assistance of counsel, that he was deprived of due process and equal protection of the law, and that the district court imposed an unauthorized fine. See Dkt. # 1. He states that these claims were raised in his post-conviction proceeding. Id.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). The Tenth Circuit Court of Appeals also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Petitioner failed to file his habeas petition within the one-year limitations period. His conviction became final on December 23, 1984, ten days after entry of his Judgment and Sentence. See Rule 4.1, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (1981) (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from a conviction on a plea of guilty). As Petitioner's conviction became final before April 24, 1996, the date of enactment of the AEDPA, any habeas petition filed after April 24, 1997, absent a tolling event, would be untimely.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek post-conviction

or other collateral relief during the grace period. He did file an application for post-conviction relief on February 26, 2010, or long after expiration of the grace period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Because the one-year limitations period was not tolled under § 2244(d)(2), Petitioner's petition for writ of habeas corpus, filed on December 23, 2010, appears to be time barred.

In response to Respondent's motion to dismiss, Petitioner argues the merits of his habeas challenge to the validity of his guilty pleas. See Dkt. # 13. First, he argues that "the time for filing an appeal . . . does not commence to run until the defendant has been advised of right of appeal and effective assistance of counsel has been afforded." Id. He also states that the "right to counsel applies to the statutory ten-day period for filing a notice to perfect an appeal." Id. Next, he contends that pursuant to Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001), he should be allowed to raise a direct challenge to his 1984 convictions because they were subsequently used to enhance a sentence and "there was a failure to appoint counsel."[1] Id. Furthermore, Petitioner argues that because Respondent does not dispute that the fine imposed was unauthorized, the proposition of error must be admitted. Id. Because the petition was not timely filed, however, the Court may not consider those arguments unless Petitioner demonstrates entitlement to equitable tolling. The habeas claims themselves do not justify tolling of the one-year period.

---

[1] The Court notes that to the extent Petitioner claims he was not represented by counsel when he entered his guilty pleas in 1984, the claim is refuted by the record. In its order affirming the denial of post-conviction relief, the OCCA stated that Petitioner was represented by counsel on December 13, 1984, when he entered his pleas of guilty. See Dkt. # 12, Ex. 1. In addition, Petitioner himself states on the first page of his petition that he was represented by attorney Martin Hart during his 1984 criminal proceedings. See Dkt. # 1 at 1.

4

To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

After his convictions became final in 1984, Petitioner waited more than twenty-five years, or until February 26, 2010, to begin to challenge his convictions. Petitioner's excessive delay in seeking post-conviction relief in state court demonstrates that he did not diligently pursue his claims. Furthermore, in the absence of a showing of "specific facts to support [a] claim of extraordinary circumstances and due diligence," Yang, 525 F.3d at 928, *pro se* status and ignorance of the law do not entitle a petitioner to equitable tolling, see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner has made no such showing of specific facts. Also, Petitioner makes no argument and cites no evidence suggesting that this lengthy delay was due to "extraordinary circumstances beyond his control." Id. Petitioner is not entitled to equitable tolling.

5

*CONCLUSION*

Because Petitioner failed to file his petition for writ of habeas corpus within the one-year grace period, Respondent's motion to dismiss for failure to file within the limitations period shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 11) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate judgment shall be entered in this matter.

DATED THIS 27th day of June, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma